IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEWAYNE B. GERALD<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>)<br>) | Civil Action No. 2:07CV1038-WKW |
| INTEGRATED MAGNETIC IMAGING,<br>Defendant. | )<br>) | *JURY TRIAL DEMANDED* |

RECEIVED
2007 NOV 26  P 4:44
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

COMES NOW Plaintiff Dewayne Gerald ("Gerald") against the above-captioned defendant and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343 to obtain compensatory damages and equitable relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly 42 U.S.C. § 2000e, et seq.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Dewayne Gerald (hereinafter referred to as "Plaintiff"), who is over the age of 19 years, is and at all times material hereto was a member of a protected class, Rastafarian, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

4. Defendant Integrated Magnetic Imaging (hereinafter referred to as "the defendant"), a

better and further denomination of which is presently unknown to Plaintiff, is a business entity organized under the laws of the state of Alabama which does business in the Middle District of Alabama.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff or others similarly situated because of religion. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits, and income that would have been received by Plaintiff but for the defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for his suffering as a consequence of the wrongs alleged herein. Further, Plaintiff seeks such equitable relief, including back pay, liquidated damages, and a reasonable amount of front pay in lieu of reinstatement, as to which he may be entitled should the Court determine that reinstatement would be impossible in such a work environment. Plaintiff avers that the defendant acted to deny Plaintiff his rights under the laws of the United States of America and such action was designed to intentionally discriminate against Plaintiff who is a member of a protected class, Rastafarian.

6. Plaintiff avers that the defendant's actions were designed to prevent him and others similarly situated from obtaining an equality with non-protected group members in obtaining employment opportunities such as promotions and continued employment.

7. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that he has been deprived of an opportunity for continued employment, job advancement

and increases in pay, as well as caused to suffer great humiliation and mental anguish from then until now.

8. Plaintiff avers that the defendant acted intentionally to deprive Plaintiff of his rights as alleged above and to cause Plaintiff mental anguish and to discriminate against him because of his religion. Plaintiff filed a charge of discrimination with the EEOC. Plaintiff timely files this action after receiving a Notice of Right to Sue from the EEOC dated August 27, 2007.

## FACTS

9. Plaintiff expressly adopts as if fully set forth herein the allegations in each of the foregoing paragraphs.

10. Plaintiff is a black male who is an adherent of the Rastafari religion.

11. The Rastafari movement, or Rasta, is a cultural value system that accepts Haile Selassie I, the former Emperor of Ethiopia, as God incarnate, whom they call Jah.

12. One tenet of Rastafari is the wearing of dreadlocks (also known as "dreads" or "locks").

13. Dreadlocks are matted ropes of hair which will form by themselves if the hair is allowed to grow naturally without the use of brushes, combs, razors or scissors for a long period of time. Many religions and cultures specifically forbid the wearer to wash his hair, however, this is seen by the dreadlock community as an unfortunate stereotype. It is common for the wearer to perform thorough maintenance on his hair, including washing and various techniques of re-knotting, in order to maintain the desired appearance.

14. Plaintiff is a Rastafarian (also known as a "Rasta").

15. Plaintiff wore his hair in dreadlocks that were clean and carefully maintained in an

hygenic state.

16. On or about November 27, 2006, Plaintiff was employed by the defendant. He was hired by a person he believes to have been the Office Manager.

17. At the time of his initial interview, Plaintiff discussed the fact that his religion did not permit him to cut his hair, and he inquired as to whether that would be a problem. The person who interviewed him indicated that it would not be a problem.

18. Plaintiff returned to the defendant's facility after the initial interview to take tests and complete paperwork. At that time he met with the Human Resource Coordinator, and again disclosed his religious preferences. Again he was assured that his hair would not be a problem, but that as the only black male employed by the defendant he might have trouble fitting in.

19. Before assuming his position, Plaintiff arranged and bound his hair so that it did not touch his collar and did not otherwise interfere with his job duties.

20. At no time prior to commencing work did Plaintiff meet the President of the defendant, Suzanne Cristwell.

21. Plaintiff worked as a front desk clerk.

22. During his entire tenure with the defendant, Plaintiff's performance met the reasonable expectations of his employer.

23. The day after Plaintiff began work, he received a memorandum from Kimberly Money, the Human Resource Coordinator, who wrote that, "[p]er the owner Suzanne Chriswell[1]

---

[1] The subject memorandum spells the name both "Cristwell" and "Criswell". Plaintiff believes that the correct spelling is "Cristwell."

-4-

you are being required to alter your hairstyle."

24. Plaintiff did not cut his hair, although he took pains to ensure that it met the dress and grooming code of the defendant.

25. On or about December 14, 2006, Plaintiff was terminated from his job.

26. At least one person in a non-protected class, a non-Rasta female, was retained to perform the job to which Plaintiff had been assigned, despite the fact that she was hired after Plaintiff and was less-qualified than Plaintiff.

27. Immediately following Plaintiff's termination at least one person in a non-protected class was hired to perform the job to which Plaintiff had been assigned.

28. Upon information and belief, the defendant employed more than fifteen employees in each of 20 calendar weeks immediately preceding the filing of this action.

29. Plaintiff has suffered extreme and severe economic loss as a consequence of his termination.

30. Plaintiff has suffered severe emotional distress and mental anguish as a result of his treatment at the hands of the defendant.

## CAUSES OF ACTION

31. Plaintiff expressly adopts with respect to each cause of action as if fully set forth in each claim the allegations contained in each and all of the foregoing paragraphs.

### COUNT ONE – DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000e

32. Plaintiff is a member of a protected class, Rastafarian.

33. Plaintiff is observant of his religion and embraces its precepts in good faith.

34. Plaintiff performed his job to the reasonable satisfaction of his employer.

35. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his religion, Rastafarian.

36. Plaintiff was subjected to an adverse employment action, termination.

37. A similarly-situated member of a non-protected class, a female non-Rasta, was not subjected to the adverse treatment visited upon Plaintiff and was permitted to retain her position.

38. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

39. Plaintiff has been injured thereby.

## PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, the Plaintiff requests the Court to:

a. Enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of 42 U.S.C. § 2000e, et seq.;

b. Permanently enjoin the defendant, its agents, successors, officers, employees, attorneys and those action in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

c. Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of race or age;

d. Grant Compensatory and Punitive damages of three hundred thousand dollars as

against the defendant under Title VII, or, in the alternative, nominal damages;

e. As against the defendant under Title VII, grant such other, further and different relief as this Court may deem just and proper to include back pay, front pay, reinstatement, and all other equitable and legal relief as to which Plaintiff may be entitled.

f. Grant Plaintiff the cost of this action including reasonable attorney's fees;

g. Enjoin the defendant from any retaliation.

RESPECTFULLY SUBMITTED on this the 26 day of November, 2007.

JAY LEWIS (ASB-2014-E66J)
FRED CLEMENTS (ASB-5682-R39C)
Attorneys for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com

***PLAINTIFF DEMANDS TRIAL BY STRUCK JURY***

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001264
Cashier ID: cstrecke
Transaction Date: 11/26/2007
Payer Name: JAY LEWIS
------------------------------------
CIVIL FILING FEE
 For: JAY LEWIS
 Case/Party: D-ALM-2-07-CV-001038-001
 Amount:         $350.00
------------------------------------
CHECK
 Remitter: JAY LEWIS
 Check/Money Order Num: 5963
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```

DALM207CV001038-WKW

GERALD V INEGRATED MAGNETIC IMAGING

JAY LEWIS 847 S MCDONOUGH STREET

MONTGOMERY, AL  36104