IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEWAYNE B. GERALD,**<br><br>**PLAINTIFF,**<br><br>v.<br><br>**INTEGRATED MAGNETIC IMAGING,**<br><br>**DEFENDANT.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **CIVIL ACTION NO.:**<br>    **2:07-CV-1038-WKW** |

## ANSWER TO COMPLAINT

COMES NOW Defendant, Integrated Magnetic Imaging, Inc., hereafter referred to as defendant, and submits its Answer to plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.      Defendant admits that plaintiff is attempting to invoke the Court's jurisdiction in paragraph 1 of his Complaint but denies that plaintiff is entitled to any relief under any statutory authority cited herein.  Defendant further denies that it violated any statute cited in paragraph 1 of plaintiff's Complaint and specifically denies all other material allegations made therein.

2.      Defendant admits that it is located within Montgomery County, Alabama and within the Middle District of the State of Alabama.  Otherwise, defendant denies the allegations contained in paragraph 2 of plaintiff's Complaint.

### PARTIES

3.      Defendant admits that the plaintiff is over 19 years of age and is a citizen of the United States and the State of Alabama. Otherwise, defendant is without sufficient information

to admit or deny the remaining allegations in paragraph 3 of plaintiff's complaint; therefore, defendant denies said allegations.

4. Defendant admits that it is a business entity organized under the laws of the State of Alabama and performs business in the Middle District of Alabama.

## NATURE OF PROCEEDINGS

5. With respect to paragraph 5 of plaintiff's Complaint, defendant admits that plaintiff is seeking the relief sought in said paragraph; however, defendant denies that plaintiff is entitled to any relief sought. Accordingly, defendant also denies the allegations of paragraph 5 of plaintiff's Complaint. Specifically, defendant denies that plaintiff is entitled to a declaratory judgment, injunctive relief, restitution, compensatory damages, punitive damages, equitable relief, back pay, liquidated damages, front pay, or reinstatement. Further, defendant denies that it denied plaintiff his rights under the laws of the United States of America and denies that it intentionally discriminated against plaintiff because of his alleged protected class, Rastafarian.

6. Defendant denies the allegations of paragraph 6 of plaintiff's Complaint.

7. Defendant denies the allegations of paragraph 7 of plaintiff's Complaint.

8. Defendant admits that plaintiff filed a charge of discrimination with the EEOC. Otherwise, defendant denies the allegations contained in paragraph 8 of plaintiff's Complaint.

9. With respect to paragraph 9 of the plaintiff's Complaint, defendant hereby realleges and incorporates by reference all prior responses and defenses contained in its Answer to Paragraphs 1 through paragraph 8 above with the same force and effect as if fully set out in specific detail herein and below for its answer the paragraph 9 of plaintiff's Complaint.

10. Defendant admits that the plaintiff is a black male. Otherwise, defendant is without sufficient information to admit or deny the remaining allegations in paragraph 10 of

plaintiff's complaint, and therefore, defendant denies the remaining allegations contained in paragraph 10 of plaintiff's Complaint.

11. Defendant is without sufficient information to admit or deny the allegations in paragraph 11; therefore, defendant denies said allegations.

12. Defendant is without sufficient information to admit or deny the allegations in paragraph 12; therefore, defendant denies said allegations.

13. Defendant is without sufficient information to admit or deny the allegations in paragraph 13; therefore, defendant denies said allegations.

14. Defendant is without sufficient information to admit or deny the allegations in paragraph 14; therefore, defendant denies said allegations.

15. Defendant is without sufficient information to admit or deny the allegations in paragraph 15; therefore, defendant denies said allegations.

16. Defendant admits that plaintiff was employed on November 27, 2006; however defendant denies the remaining allegations in paragraph 16 of plaintiff's Complaint.

17. Defendant denies the allegations of paragraph 17 of plaintiff's Complaint.

18. Defendant admits that the plaintiff returned to the defendant's facility to complete paperwork and testing after the initial interview. Otherwise, defendant denies the remaining allegations contained in paragraph 18 of plaintiff's Complaint.

19. Defendant denies the allegations of paragraph 19 of plaintiff's Complaint.

20. Defendant denies the allegations of paragraph 20 of plaintiff's Complaint.

21. Defendant admits the allegations of paragraph 21 of plaintiff's Complaint.

22. Defendant admits the allegations of paragraph 22 of plaintiff's Complaint.

23. Defendant admits the allegations of paragraph 23 of plaintiff's Complaint.

24. Defendant is without sufficient information to admit or deny said allegation contained in paragraph 24; therefore, defendant denies said allegations.

25. Defendant admits the allegations in paragraph 25 of plaintiff's Complaint to the extent that his position was eliminated by layoff along with other employees who were terminated because of nondiscriminatory and business related reasons.

26. Defendant denies the allegations in paragraph 26 of plaintiff's Complaint.

27. Defendant denies the allegations in paragraph 27 of plaintiff's Complaint.

28. Defendant admits the allegations in paragraph 28 of plaintiff's Complaint.

29. Defendant denies the allegations in paragraph 29 of plaintiff's Complaint.

30. Defendant denies the allegations in paragraph 30 of plaintiff's Complaint.

31. With respect to second paragraph 31 of the plaintiff's Complaint, defendant hereby realleges and incorporates by reference all prior responses and defenses contained in its Answer to Paragraphs 1 through the paragraph 30 above with the same force and effect as if fully set out in specific detail herein and below for its answer the paragraph 31 of plaintiff's Complaint.

## **COUNT ONE - DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000e**

32. Defendant is without sufficient information to admit or deny the allegations contained in paragraphs 32 of plaintiffs' Complaint; therefore, defendant denies said allegations contained in paragraph 32.

33. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 33 of plaintiffs' Complaint; therefore defendant denies said allegations contained in paragraph 33.

34. Defendant admits the allegations in paragraph 34 of plaintiff's Complaint.

35. Defendant denies the allegations in paragraph 35 of plaintiff's Complaint.

36. Defendant denies the allegations in paragraph 36 of plaintiff's Complaint.

37. Defendant denies the allegations in paragraph 37 of plaintiff's Complaint.

38. Defendant denies the allegations in paragraph 38 of plaintiff's Complaint.

39. Defendant denies the allegations in paragraph 39 of plaintiff's Complaint.

With respect to plaintiff's Prayer for Relief in the Complaint at the end of paragraph 39, defendant denies that plaintiff is entitled to any relief whatsoever. Specifically, defendant denies that plaintiff is entitled to the relief sought in paragraphs (a) through (g) of plaintiff's Prayer for Relief; and defendant further denies the allegations contained in (a) through (g) of plaintiff's prayer for relief.

## SECOND DEFENSE

Plaintiff's claims in his Complaint are barred by the applicable statute of limitations and laches.

## THIRD DEFENSE

Defendant denies each and every allegation contained in plaintiff's Complaint that has not been admitted and demands strict proof with respect to all allegations.

## FOURTH DEFENSE

Defendant states that it is not guilty of the allegations contained in plaintiff's Complaint.

## FIFTH DEFENSE

Defendant denies that plaintiff is entitled to any relief whatsoever.

## SIXTH DEFENSE

In view of the fact that plaintiff has failed to state the specific times, dates and circumstances with respect to the various allegations contained in her Complaint, defendant asserts that plaintiff's Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil

Procedure in that it fails to provide a short and plain statement of the claims showing that the pleader is entitled to relief.

### SEVENTH DEFENSE

Plaintiff has failed to allege sufficient facts upon which any relief can be granted against defendant in this action.

### EIGHTH DEFENSE

Defendant denies that plaintiff has suffered any damages as a result of any alleged acts and/or omissions of defendant.

### NINTH DEFENSE

Plaintiff's own conduct proximately caused any and all damages sought in the Complaint.

### TENTH DEFENSE

Defendant asserts the defense of unclean hands on the part of plaintiff.

### ELEVENTH DEFENSE

Defendant states that the plaintiff cannot prove any discriminatory conduct on the part of the defendant in view of the fact that defendant has not discriminated against said plaintiff. In the alternative, even if plaintiff could prove discriminatory conduct on the part of defendant (which plaintiff cannot), defendant is entitled to prevail because it would have made the same decisions absent the alleged discriminatory conduct.

### TWELFTH DEFENSE

Defendant denies that plaintiff is entitled to any recovery of damages or relief in this action in view of the fact that he has failed to mitigate his alleged damages.

**THIRTEENTH DEFENSE**

Defendant denies that any damages claimed by plaintiff were proximately caused by any act or omission on the part of defendant.

**FOURTEENTH DEFENSE**

Defendant states that there is no causal connection between any of the conduct on behalf of defendants and any damages claimed by plaintiff in this case.

**FIFTEENTH DEFENSE**

Defendant states that plaintiff is not entitled to receive any equitable relief in this case in view of the fact that he who seeks equity must do equity, and plaintiff has not done equity.

**SIXTEENTH DEFENSE**

With respect to all of plaintiff's claims, defendant pleads the defenses of preemption, res judicata, waiver, estoppel, collateral estoppel, acquiescence and ratification, and lack of jurisdiction over the subject matter of this claim if applicable.

**SEVENTEENTH DEFENSE**

If the evidence in this case reveals that plaintiff would not have been hired by defendant or entitled to any damages based upon after-acquired evidence, defendant asserts this as an affirmative defense to plaintiff's claims, damages and relief sought in this action.

**EIGHTEENTH DEFENSE**

Defendant denies that it has discriminated against plaintiff and states that any and all actions or decisions made by the defendant with respect to plaintiff were made for good cause and were based upon reasonable factors other than religion. Defendant denies that plaintiff can establish any discrimination whatsoever and that any and all actions taken by defendant were based upon reasons other than religion.

### NINETEENTH DEFENSE

Some or all of the claims alleged in the Complaint and the relief sought are foreclosed because plaintiff has not done equity.

### TWENTIETH DEFENSE

All of the decisions and/or actions challenged as discriminatory in the Complaint were undertaken for legitimate, nondiscriminatory, non-pretextual, and non-retaliatory reasons.

### TWENTY-FIRST DEFENSE

In the alternative to the Sixth Affirmative Defense, some or all of the decisions and/or actions challenged as discriminatory in the Complaint would have been undertaken even had the plaintiff not had the protected status alleged and/or had not undertaken the protected conduct alleged.

### TWENTY-SECOND DEFENSE

The punitive relief claimed by the plaintiff violates the Constitutions of the United States and of Alabama.

### TWENTY-THIRD DEFENSE

Defendant is not guilty of discrimination against the plaintiff on the basis of the plaintiff's alleged religion.

### TWENTY-FOURTH DEFENSE

Defendant did not discriminate against plaintiff because of religion.

### TWENTY-FIFTH DEFENSE

Defendant made reasonable efforts in good faith to accommodate the plaintiff.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are due to be dismissed because said claims fail to state a claim upon which relief can be granted pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are in whole or in part barred under the workers' compensation laws of the State of Alabama.

### TWENTY-EIGHTH DEFENSE

The Complaint should be dismissed in whole or in part, on the grounds that defendant's actions with regard to plaintiff were premised upon legitimate, non-discriminatory, non-retaliatory reasons and that defendant's actions in this matter as to plaintiff were in good faith.

### TWENTY-NINTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that plaintiff has failed, in whole or in part to fulfill all conditions precedent prior to bringing this action including, inter alia, to the extent that plaintiff's charge of discrimination is untimely filed, the violations occurred more than the allowable period of time prior to the filing of the EEOC charge, and/or plaintiff has failed to comply with and/or exhaust administrative pre-requisites to filing a suit under Title VII of the Civil Rights Act of 1964.

### THIRTIETH DEFENSE

The Complaint should be dismissed in whole or in part to the extent that plaintiff has failed to exhaust his administrative remedies including, but not limited to, the matters complained of exceed the scope of the applicable charge of discrimination.

### THIRTY-FIRST DEFENSE

The Complaint should be dismissed in whole or in part on the grounds that the relief demanded by plaintiff is improper, inappropriate or otherwise not available under the laws upon which his claims rest.

## THIRTY-SECOND DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRTY-THIRD DEFENSE

Defendant reserves the right to amend its answer after the completion of discovery.

                              Respectfully submitted,

                              */s/ Mac B. Greaves*
                              Mac B.Greaves (GRE007)
                              Attorney for Defendant
                              Integrated Magnetic Imaging

OF COUNSEL:
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing to the following:

Jay Lewis
Fred Clements
P.O. Box 5059
Montgomery, AL 36103

                              */s/ Mac B. Greaves*
                              OF COUNSEL