IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEWAYNE B. GERALD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.** |
| | ) **2:07-CV-1038-WKW** |
| | ) |
| **INTEGRATED MAGNETIC IMAGING,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P.26(f), a meeting of the parties' representatives was held by telephone on January 28, 2008 and was attended by Jay Lewis and Fred Clements on behalf of plaintiff, Dewayne B. Gerald; Mac B. Greaves on behalf of the Defendant, Integrated Magnetic Imaging.

1.      Pre-Discovery Disclosures.  The parties will exchange by March 25, 2008 the information required by Local Rule 26.1(a)(1).

2.      Synopsis of the Case:

<u>Plaintiff's Position:</u>  Plaintiff is a Rastafarian (also known as a "Rasta").  One of the tenets of his religion is the wearing of dreadlocks (also, "dreads").  Plaintiff's dreads were clean and carefully maintained in an hygienic state.

On or about November 27, 2006, Plaintiff was employed by the defendant as a front desk clerk.  He was hired by a person he believes to have been the Office Manager.  At the time of his initial interview, Plaintiff discussed the fact that his religion did not permit him to cut his hair, and he inquired as to whether that would be a problem.  The person who interviewed him indicated that it would not be a problem.

1637733 v1

Before assuming his position, and in accordance with the defendant's grooming code, Plaintiff arranged and bound his hair so that it did not touch his collar and did not otherwise interfere with his job duties.

During his entire tenure with the defendant, Plaintiff's performance met the reasonable expectations of his employer.

The day after Plaintiff began work, he received a memorandum from Kimberly Money, the Human Resource Coordinator, who advised him that the owner of the facility required that he alter hairstyle.

Plaintiff did not cut his hair, although he took pains to ensure that it met the dress and grooming code of the defendant.

On or about December 14, 2006, Plaintiff was terminated from his job.

At least one person in a non-protected class, a non-Rasta female, was retained to perform the job to which Plaintiff had been assigned, despite the fact that she was hired after Plaintiff and was less-qualified than Plaintiff. Immediately following Plaintiff's termination at least one person in a non-protected class was hired to perform the job to which Plaintiff had been assigned.

The defendant employed more than fifteen employees in each of 20 calendar weeks immediately preceding the filing of this action.

Plaintiff has suffered extreme and severe economic loss in addition to emotional distress and mental anguish as a consequence of his termination.

Plaintiff has been subjected to discrimination on the basis of his religion in violation of 42 USC 2000e, and he is entitled to compensatory and punitive damages in addition to declaratory, injunctive, and other equitable relief including fees and costs.

Defendant's Position: Plaintiff has essentially restated the facts of his Complaint for his position in this report. Rather than repeat its Answer to plaintiff's Complaint including the responses to each of the paragraphs contained in the Complaint and which are contained in this report, defendant adopts its responses to each paragraph contained in its Answer including all affirmative defenses set forth therein for its response to each allegation in Plaintiff's position in this report. Additionally, Defendant states that plaintiff was employed by defendant as a front desk clerk. Defendant denies that it has discriminated against plaintiff on the basis of his religion with regard to any of the issues as alleged in his Complaint, including but not limited to, plaintiff's termination of employment or any other term or condition of employment. Defendant acknowledges that plaintiff has filed suit pursuant to 28 U.S.C. §1331 and §1343 and 42 U.S.C. §2000e, et seq., but denies that it is liable for discrimination under any of the cited statutes because all actions taken with regard to plaintiff were for legitimate, non-discriminatory reasons. Defendant states that even if plaintiff could provide discriminatory conduct on the part of defendant (which plaintiff cannot), defendant is entitled to a judgment in its favor because some or all of the decisions and/or actions challenged as discriminatory in plaintiff's Complaint would have been undertaken even had the plaintiff not had the protected status alleged. Defendant denies that plaintiff is entitled to the recovery of any damages or the relief he is seeking in this action. Plaintiff has failed to mitigate his alleged damages.

    3.    Discovery Plan. The parties jointly propose to the court the following discovery plan.

Discovery will be needed on the following subjects:

Liability, Damages and Defenses.

All discovery commenced in time to be completed by November 15, 2008 .

Maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 8 depositions by plaintiff and 8 by defendant without leave of court.

Names of experts and Reports from retained experts under Rule 26(a)(2) due from plaintiff by May 10, 2008; from defendant by June 20, 2008.

Supplemental disclosures and supplemental discovery responses under Rule 26(e) shall be made at reasonable intervals once new or different information becomes known to any party that should be disclosed under Rule 26(a)(1) or that adds to, changes, or corrects any earlier discovery response.

4. Other Items.

The parties do not request a conference with the court before entry of the scheduling order.

Plaintiff should be allowed until April 20, 2008 to join additional parties and until April 20, 2008 to amend the pleadings.

Defendant should be allowed until May 20, 2008 to join additional parties and May 20, 2008 to amend the pleadings.

All potentially dispositive motions should be filed by October 20, 2008.

Settlement cannot be realistically evaluated prior to the completion of substantial discovery and may be enhanced by use of the following alternative dispute resolution procedure: ADR track and procedure.

The parties request a final pretrial conference in January 2009.

Final lists of <u>trial witnesses and exhibits under Rule 26(a)(3) should be due</u>: from plaintiff: witness and exhibit list by 30 days before trial; from defendants: witness and exhibit list by 30 days before trial.

Parties should have 15 days after service of final lists of witness and exhibit lists to list objections under Rule 26(a)(3).

The case should be ready for trial by February 2009, and at this time is expected to take approximately 3 days for trial.

                                                               */s/ Jay Lewis*
                                                               Fred Clements (ASB-5682-R39C)
                                                               Jay Lewis (ASB-2014-E66J)
                                                               Attorneys for Plaintiff
                                                               Dewayne B. Gerald

OF COUNSEL:
Law Office of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
Tel: (334) 263-7733
Fax: (334) 832-4390

|  |  |
|---|---|
|  | */s/ Mac B. Greaves* |
|  | Mac B. Greaves (ASB-6830-A60M) |
|  | Attorney for Defendant |
|  | INTEGRATED MAGNETIC IMAGING. |

OF COUNSEL:
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1637733 v1