IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEWAYNE B. GERALD** ) | |
|     Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 2:07-CV-1038-WKW |
| ) | |
| **INTEGRATED MAGNETIC IMAGING,** ) | |
|     Defendant. ) | |

## MOTION TO AMEND COMPLAINT

COMES NOW Plaintiff DeWayne B. Gerald, by and through his attorney of record, and would show unto the Court as follows:

Plaintiff's counsel has been made aware of facts that were not apparent when the original Complaint was drafted. Plaintiff's Statement of facts in his First Amended Complaint now states that Plaintiff met with Suzanne Cristwell before he was hired and that Cristwell learned about Plaintiff's religion once he was hired.

Plaintiff prays that the Court will permit him to amend his Complaint in this case with the attached First Amended Complaint.

RESPECTFULLY SUBMITTED on this the 14th day of April, 2008.

                                                          /s/ FRED CLEMENTS
                                                          Jay Lewis
                                                          Fred Clements
                                                          Attorneys for Plaintiff
                                                          Law Offices of Jay Lewis, LLC
                                                          P.O. Box 5059
                                                          Montgomery, Alabama, 36103
                                                          334-263-7733 (voice)
                                                          334-263-7733 (fax)
                                                          FredClements@JayLewisLaw.com
                                                          ASB-5682-R39C

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Mac B. Greaves
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203

/s/ FRED CLEMENTS
Jay Lewis
Fred Clements
Attorneys for Plaintiff
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, Alabama, 36103
334-263-7733 (voice)
334-263-7733 (fax)
FredClements@JayLewisLaw.com
ASB-5682-R39C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEWAYNE B. GERALD<br>   Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 2:07-CV-1038-WKW<br>) |
| INTEGRATED MAGNETIC IMAGING,<br>   Defendant. | )   *JURY TRIAL DEMANDED*<br>) |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Dewayne Gerald ("Gerald") against the above-captioned defendant and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343 to obtain compensatory damages and equitable relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly 42 U.S.C. § 2000e, et seq.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Dewayne Gerald (hereinafter referred to as "Plaintiff"), who is over the age of 19 years, is and at all times material hereto was a member of a protected class, Rastafarian, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

4. Defendant Integrated Magnetic Imaging (hereinafter referred to as "the defendant"), a

better and further denomination of which is presently unknown to Plaintiff, is a business entity organized under the laws of the state of Alabama which does business in the Middle District of Alabama.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff or others similarly situated because of religion. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits, and income that would have been received by Plaintiff but for the defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for his suffering as a consequence of the wrongs alleged herein. Further, Plaintiff seeks such equitable relief, including back pay, liquidated damages, and a reasonable amount of front pay in lieu of reinstatement, as to which he may be entitled should the Court determine that reinstatement would be impossible in such a work environment. Plaintiff avers that the defendant acted to deny Plaintiff his rights under the laws of the United States of America and such action was designed to intentionally discriminate against Plaintiff who is a member of a protected class, Rastafarian.

6. Plaintiff avers that the defendant's actions were designed to prevent him and others similarly situated from obtaining an equality with non-protected group members in obtaining employment opportunities such as promotions and continued employment.

7. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that he has been deprived of an opportunity for continued employment, job advancement

        and increases in pay, as well as caused to suffer great humiliation and mental anguish from then until now.

8. Plaintiff avers that the defendant acted intentionally to deprive Plaintiff of his rights as alleged above and to cause Plaintiff mental anguish and to discriminate against him because of his religion. Plaintiff filed a charge of discrimination with the EEOC. Plaintiff timely files this action after receiving a Notice of Right to Sue from the EEOC dated August 27, 2007.

## FACTS

9. Plaintiff expressly adopts as if fully set forth herein the allegations in each of the foregoing paragraphs.

10. Plaintiff is a black male who is an adherent of the Rastafari religion.

11. The Rastafari movement, or Rasta, is a cultural value system that accepts Haile Selassie I, the former Emperor of Ethiopia, as God incarnate, whom they call Jah.

12. One tenet of Rastafari is the wearing of dreadlocks (also known as "dreads" or "locks").

13. Dreadlocks are matted ropes of hair which will form by themselves if the hair is allowed to grow naturally without the use of brushes, combs, razors or scissors for a long period of time. Many religions and cultures specifically forbid the wearer to wash his hair, however, this is seen by the dreadlock community as an unfortunate stereotype. It is common for the wearer to perform thorough maintenance on his hair, including washing and various techniques of re-knotting, in order to maintain the desired appearance.

14. Plaintiff is a Rastafarian (also known as a "Rasta").

15. Plaintiff wore his hair in dreadlocks that were clean and carefully maintained in an

hygenic state.

16. On or about November 27, 2006, Plaintiff was employed by the defendant. He was hired by a person he believes to have been the Office Manager.

17. Because of stereotypes that often surround the Rastafari religion, Plaintiff did not mention discuss his religion at his initial interview, but he inquired as to whether his hair would be a problem. The person who interviewed him indicated that it would not be a problem.

18. Plaintiff returned to the defendant's facility after the initial interview to take tests and complete paperwork. At that time he met with the Human Resource Coordinator Kimberly Money and with the President of the defendant, Suzanne Cristwell. Again he was assured that his hair would not be a problem, but that as the only black male employed by the defendant he might have trouble fitting in.

19. Before assuming his position, Plaintiff arranged and bound his hair so that it did not touch his collar and did not otherwise interfere with his job duties.

20. When coworkers would ask Plaintiff about his hair he would not necessarily tell them that he was Rastafari but would explain that his religion required him to maintain his hair in such a way.

21. Plaintiff worked as a front desk clerk.

22. During his entire tenure with the defendant, Plaintiff's performance met the reasonable expectations of his employer.

23. The day after Plaintiff began work, he received a memorandum from Kimberly Money,

      the Human Resource Coordinator, who wrote that, "[p]er the owner Suzanne Chriswell[1] you are being required to alter your hairstyle."

24. After receiving the memo Plaintiff met with Kimberly Money and explained that because of his religion he could not cut his hair.

25. Kimberly Money then informed Suzanne Cristwell that Plaintiff could not cut his hair because of his religion.

26. Plaintiff again met with Kimberly Money who informed him that Ms. Cristwell did not care about his religion and that he would be terminated if he did not cut his hair.

27. Plaintiff did not cut his hair, although he took pains to ensure that it met the dress and grooming code of the defendant.

28. On or about December 14, 2006, Plaintiff was terminated from his job.

29. At least one person in a non-protected class, a non-Rasta female, was retained to perform the job to which Plaintiff had been assigned, despite the fact that she was hired after Plaintiff and was less-qualified than Plaintiff.

30. Immediately following Plaintiff's termination at least one person in a non-protected class was hired to perform the job to which Plaintiff had been assigned.

31. Upon information and belief, the defendant employed more than fifteen employees in each of 20 calendar weeks immediately preceding the filing of this action.

32. Plaintiff has suffered extreme and severe economic loss as a consequence of his termination.

---

[1] The subject memorandum spells the name both "Cristwell" and "Criswell". Plaintiff believes that the correct spelling is "Cristwell."

33. Plaintiff has suffered severe emotional distress and mental anguish as a result of his treatment at the hands of the defendant.

## CAUSES OF ACTION

34. Plaintiff expressly adopts with respect to each cause of action as if fully set forth in each claim the allegations contained in each and all of the foregoing paragraphs.

## COUNT ONE – DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000e

35. Plaintiff is a member of a protected class, Rastafarian.

36. Plaintiff is observant of his religion and embraces its precepts in good faith.

37. Plaintiff performed his job to the reasonable satisfaction of his employer.

38. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his religion, Rastafarian.

39. Plaintiff was subjected to an adverse employment action, termination.

37. A similarly-situated member of a non-protected class, a female non-Rasta, was not subjected to the adverse treatment visited upon Plaintiff and was permitted to retain her position.

38. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

39. Plaintiff has been injured thereby.

## PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, the Plaintiff requests the Court to:

a. Enter a declaratory judgment that the discriminatory practices complained of

       herein are unlawful and violative of 42 U.S.C. § 2000e, et seq.;

b.     Permanently enjoin the defendant, its agents, successors, officers, employees, attorneys and those action in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

c.     Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of race or age;

d.     Grant Compensatory and Punitive damages of three hundred thousand dollars as against the defendant under Title VII, or, in the alternative, nominal damages;

e.     As against the defendant under Title VII, grant such other, further and different relief as this Court may deem just and proper to include back pay, front pay, reinstatement, and all other equitable and legal relief as to which Plaintiff may be entitled.

f.     Grant Plaintiff the cost of this action including reasonable attorney's fees;

g.     Enjoin the defendant from any retaliation.

RESPECTFULLY SUBMITTED on this the 14th day of April, 2008.

    /s/ FRED CLEMENTS
Jay Lewis
Fred Clements
Attorneys for Plaintiff
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, Alabama, 36103
334-263-7733 (voice)

        334-263-7733 (fax)
        FredClements@JayLewisLaw.com
        ASB-5682-R39C

### *PLAINTIFF DEMANDS TRIAL BY STRUCK JURY*

### CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Mac B. Greaves
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203

        /s/ FRED CLEMENTS
        Jay Lewis
        Fred Clements
        Attorneys for Plaintiff
        Law Offices of Jay Lewis, LLC
        P.O. Box 5059
        Montgomery, Alabama, 36103
        334-263-7733 (voice)
        334-263-7733 (fax)
        FredClements@JayLewisLaw.com
        ASB-5682-R39C