IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEWAYNE B. GERALD,<br><br>PLAINTIFF,<br><br>v.<br><br>INTEGRATED MAGNETIC IMAGING,<br><br>DEFENDANT. | CIVIL ACTION NO.:<br>2:07-CV-1038-WKW |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Defendant, Integrated Magnetic Imaging, Inc., hereafter referred to as defendant, and submits its Answer to plaintiff's First Amended Complaint as follows:

### JURISDICTION AND VENUE

1.     Defendant admits that plaintiff is attempting to invoke the Court's jurisdiction in paragraph 1 of his First Amended Complaint but denies that plaintiff is entitled to any relief under any statutory authority cited herein.  Defendant further denies that it violated any statute cited in paragraph 1 of plaintiff's First Amended Complaint and specifically denies all other material allegations made therein.

2.     Defendant admits that it is located within Montgomery County, Alabama and within the Middle District of the State of Alabama.  Otherwise, defendant denies the allegations contained in paragraph 2 of plaintiff's First Amended Complaint.

### PARTIES

3.     Defendant admits that the plaintiff is over 19 years of age and is a citizen of the United States and the State of Alabama. Otherwise, defendant is without sufficient information

1659525 v1

to admit or deny the remaining allegations in paragraph 3 of plaintiff's First Amended Complaint; therefore, defendant denies said allegations.

4. Defendant admits that it is a business entity organized under the laws of the State of Alabama and performs business in the Middle District of Alabama.

## NATURE OF PROCEEDINGS

5. With respect to paragraph 5 of plaintiff's First Amended Complaint, defendant admits that plaintiff is seeking the relief sought in said paragraph; however, defendant denies that plaintiff is entitled to any relief sought. Accordingly, defendant also denies the allegations of paragraph 5 of plaintiff's First Amended Complaint. Specifically, defendant denies that plaintiff is entitled to a declaratory judgment, injunctive relief, restitution, compensatory damages, punitive damages, equitable relief, back pay, liquidated damages, front pay, or reinstatement. Further, defendant denies that it denied plaintiff his rights under the laws of the United States of America and denies that it intentionally discriminated against plaintiff because of his alleged protected class, Rastafarian.

6. Defendant denies the allegations of paragraph 6 of plaintiff's First Amended Complaint.

7. Defendant denies the allegations of paragraph 7 of plaintiff's First Amended Complaint.

8. Defendant admits that plaintiff filed a charge of discrimination with the EEOC. Otherwise, defendant denies the allegations contained in paragraph 8 of plaintiff's First Amended Complaint.

9. With respect to paragraph 9 of the plaintiff's First Amended Complaint, defendant hereby realleges and incorporates by reference all prior responses and defenses contained in its

Answer to Paragraphs 1 through paragraph 8 above with the same force and effect as if fully set out in specific detail herein and below for its answer the paragraph 9 of plaintiff's First Amended Complaint.

10. Defendant admits that the plaintiff is a black male. Otherwise, defendant is without sufficient information to admit or deny the remaining allegations in paragraph 10 of plaintiff's First Amended Complaint, and therefore, defendant denies the remaining allegations contained in paragraph 10 of plaintiff's First Amended Complaint.

11. Defendant is without sufficient information to admit or deny the allegations in paragraph 11; therefore, defendant denies said allegations.

12. Defendant is without sufficient information to admit or deny the allegations in paragraph 12; therefore, defendant denies said allegations.

13. Defendant is without sufficient information to admit or deny the allegations in paragraph 13; therefore, defendant denies said allegations.

14. Defendant is without sufficient information to admit or deny the allegations in paragraph 14; therefore, defendant denies said allegations.

15. Defendant is without sufficient information to admit or deny the allegations in paragraph 15; therefore, defendant denies said allegations.

16. Defendant admits that plaintiff was employed on November 27, 2006; however defendant denies the remaining allegations in paragraph 16 of plaintiff's First Amended Complaint.

17. Defendant denies the allegations of paragraph 17 of plaintiff's First Amended Complaint.

18.  Defendant admits that the plaintiff returned to the defendant's facility to complete paperwork and testing after the initial interview. Defendant admits that plaintiff met with Ms. Money and Ms. Cristwell. Otherwise, defendant denies the remaining allegations contained in paragraph 18 of plaintiff's First Amended Complaint.

19.  Defendant denies the allegations of paragraph 19 of plaintiff's First Amended Complaint.

20.  Defendant is without sufficient information to admit or deny said allegations contained in paragraph 20; therefore, defendant denies said allegations.

21.  Defendant admits the allegations of paragraph 21 of plaintiff's First Amended Complaint.

22.  Defendant admits the allegations of paragraph 22 of plaintiff's First Amended Complaint.

23.  Defendant admits the allegations of paragraph 23 of plaintiff's First Amended Complaint.

24.  Defendant denies the allegations of paragraph 24 of plaintiff's First Amended Complaint.

25.  Defendant denies the allegations of paragraph 25 of plaintiff's First Amended Complaint.

26.  Defendant denies the allegations of paragraph 26 of plaintiff's First Amended Complaint.

27.  Defendant is without sufficient information to admit or deny said allegation contained in paragraph 27; therefore, defendant denies said allegations.

28. Defendant admits the allegations in paragraph 28 of plaintiff's First Amended Complaint to the extent that his position was eliminated by layoff along with other employees who were terminated because of nondiscriminatory and business related reasons.

29. Defendant denies the allegations in paragraph 29 of plaintiff's First Amended Complaint.

30. Defendant denies the allegations in paragraph 30 of plaintiff's First Amended Complaint.

31. Defendant admits the allegations in paragraph 31 of plaintiff's First Amended Complaint.

32. Defendant denies the allegations in paragraph 32 of plaintiff's First Amended Complaint.

33. Defendant denies the allegations in paragraph 33 of plaintiff's First Amended Complaint.

34. With respect to paragraph 34 of the plaintiff's First Amended Complaint, defendant hereby realleges and incorporates by reference all prior responses and defenses contained in its Answer to Paragraphs 1 through paragraph 33 above with the same force and effect as if fully set out in specific detail herein and below for its answer the paragraph 34 of plaintiff's First Amended Complaint.

**COUNT ONE - DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000e**

35. Defendant is without sufficient information to admit or deny the allegations contained in paragraphs 35 of plaintiff's First Amended Complaint; therefore, defendant denies said allegations contained in paragraph 35.

36. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 36 of plaintiff's First Amended Complaint; therefore, defendant denies said allegations contained in paragraph 36.

37. Defendant admits the allegations in paragraph 37 of plaintiff's First Amended Complaint.

38. Defendant denies the allegations in paragraph 38 of plaintiff's First Amended Complaint.

39. Defendant admits the allegation in paragraph 39 of plaintiff's First Amended Complaint to the extent that he was terminated with others for legitimate, business reasons. Otherwise, defendant denies the allegations in paragraph 39.

37. Plaintiff has listed allegations in a paragraph numbered 37 for the second time. Defendant denies the allegations in paragraph numbered second 37 of plaintiff's First Amended Complaint.

38. Plaintiff has listed allegations in a paragraph numbered 38 for the second time. Defendant denies the allegations in paragraph numbered second 38 of plaintiff's First Amended Complaint.

39. Plaintiff has listed allegations in a paragraph numbered 39 for the second time. Defendant denies the allegations in paragraph numbered second 39 of plaintiff's First Amended Complaint.

With respect to plaintiff's Prayer for Relief in the First Amended Complaint at the end of paragraph 39, defendant denies that plaintiff is entitled to any relief whatsoever. Specifically, defendant denies that plaintiff is entitled to the relief sought in paragraphs (a) through (g) of

plaintiff's Prayer for Relief; and defendant further denies the allegations contained in (a) through (g) of plaintiff's prayer for relief.

## SECOND DEFENSE

Plaintiff's claims in his First Amended Complaint are barred by the applicable statute of limitations and laches.

## THIRD DEFENSE

Defendant denies each and every allegation contained in plaintiff's First Amended Complaint that has not been admitted and demands strict proof with respect to all allegations.

## FOURTH DEFENSE

Defendant states that it is not guilty of the allegations contained in plaintiff's First Amended Complaint.

## FIFTH DEFENSE

Defendant denies that plaintiff is entitled to any relief whatsoever.

## SIXTH DEFENSE

In view of the fact that plaintiff has failed to state the specific times, dates and circumstances with respect to the various allegations contained in his First Amended Complaint, defendant asserts that plaintiff's First Amended Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure in that it fails to provide a short and plain statement of the claims showing that the pleader is entitled to relief.

## SEVENTH DEFENSE

Plaintiff has failed to allege sufficient facts upon which any relief can be granted against defendant in this action.

**EIGHTH DEFENSE**

Defendant denies that plaintiff has suffered any damages as a result of any alleged acts and/or omissions of defendant.

**NINTH DEFENSE**

Plaintiff's own conduct proximately caused any and all damages sought in the First Amended Complaint.

**TENTH DEFENSE**

Defendant asserts the defense of unclean hands on the part of plaintiff.

**ELEVENTH DEFENSE**

Defendant states that the plaintiff cannot prove any discriminatory conduct on the part of the defendant in view of the fact that defendant has not discriminated against said plaintiff. In the alternative, even if plaintiff could prove discriminatory conduct on the part of defendant (which plaintiff cannot), defendant is entitled to prevail because it would have made the same decisions absent the alleged discriminatory conduct.

**TWELFTH DEFENSE**

Defendant denies that plaintiff is entitled to any recovery of damages or relief in this action in view of the fact that he has failed to mitigate his alleged damages.

**THIRTEENTH DEFENSE**

Defendant denies that any damages claimed by plaintiff were proximately caused by any act or omission on the part of defendant.

**FOURTEENTH DEFENSE**

Defendant states that there is no causal connection between any of the conduct on behalf of defendants and any damages claimed by plaintiff in this case.

**FIFTEENTH DEFENSE**

Defendant states that plaintiff is not entitled to receive any equitable relief in this case in view of the fact that he who seeks equity must do equity, and plaintiff has not done equity.

**SIXTEENTH DEFENSE**

With respect to all of plaintiff's claims, defendant pleads the defenses of preemption, res judicata, waiver, estoppel, collateral estoppel, acquiescence and ratification, and lack of jurisdiction over the subject matter of this claim if applicable.

**SEVENTEENTH DEFENSE**

If the evidence in this case reveals that plaintiff would not have been hired by defendant or entitled to any damages based upon after-acquired evidence, defendant asserts this as an affirmative defense to plaintiff's claims, damages and relief sought in this action.

**EIGHTEENTH DEFENSE**

Defendant denies that it has discriminated against plaintiff and states that any and all actions or decisions made by the defendant with respect to plaintiff were made for good cause and were based upon reasonable factors other than religion. Defendant denies that plaintiff can establish any discrimination whatsoever and that any and all actions taken by defendant were based upon reasons other than religion.

**NINETEENTH DEFENSE**

Some or all of the claims alleged in the First Amended Complaint and the relief sought are foreclosed because plaintiff has not done equity.

**TWENTIETH DEFENSE**

All of the decisions and/or actions challenged as discriminatory in the First Amended Complaint were undertaken for legitimate, nondiscriminatory, non-pretextual, and non-retaliatory reasons.

**TWENTY-FIRST DEFENSE**

Some or all of the decisions and/or actions challenged as discriminatory in the First Amended Complaint would have been undertaken even had the plaintiff not had the protected status alleged and/or had not undertaken the protected conduct alleged.

**TWENTY-SECOND DEFENSE**

The punitive relief claimed by the plaintiff violates the Constitutions of the United States and of Alabama.

**TWENTY-THIRD DEFENSE**

Defendant is not guilty of discrimination against the plaintiff on the basis of the plaintiff's alleged religion.

**TWENTY-FOURTH DEFENSE**

Defendant did not discriminate against plaintiff because of religion.

**TWENTY-FIFTH DEFENSE**

Defendant made reasonable efforts in good faith to accommodate the plaintiff.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims are due to be dismissed because said claims fail to state a claim upon which relief can be granted pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are in whole or in part barred under the workers' compensation laws of the State of Alabama.

## TWENTY-EIGHTH DEFENSE

The First Amended Complaint should be dismissed in whole or in part, on the grounds that defendant's actions with regard to plaintiff were premised upon legitimate, non-discriminatory, non-retaliatory reasons and that defendant's actions in this matter as to plaintiff were in good faith.

## TWENTY-NINTH DEFENSE

The First Amended Complaint should be dismissed, in whole or in part, to the extent that plaintiff has failed, in whole or in part to fulfill all conditions precedent prior to bringing this action including, inter alia, to the extent that plaintiff's charge of discrimination is untimely filed, the violations occurred more than the allowable period of time prior to the filing of the EEOC charge, and/or plaintiff has failed to comply with and/or exhaust administrative pre-requisites to filing a suit under Title VII of the Civil Rights Act of 1964.

## THIRTIETH DEFENSE

The First Amended Complaint should be dismissed in whole or in part to the extent that plaintiff has failed to exhaust his administrative remedies including, but not limited to, the matters complained of exceed the scope of the applicable charge of discrimination.

## THIRTY-FIRST DEFENSE

The First Amended Complaint should be dismissed in whole or in part on the grounds that the relief demanded by plaintiff is improper, inappropriate or otherwise not available under the laws upon which his claims rest.

## THIRTY-SECOND DEFENSE

The plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

## THIRTY-THIRD DEFENSE

With respect to any punitive damages claimed, defendant asserts that plaintiff is not entitled to receive said damages in view of the fact that any award of punitive damages would violate the constitutional safeguards provided this defendant under the Constitutions of the State of Alabama and the United States of America.

## THIRTY-FOURTH DEFENSE

Defendant avers that any award of punitive damages to plaintiff in this case will be violative of the procedural safeguards provided to defendant under the Sixth Amendment to the Constitution of the United States of America to impose against this defendant punitive damages which are penal in nature yet compel defendant to disclose potentially incriminating documents and evidence.

## THIRTY-FIFTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

1. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

3. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

5. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

6. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

**THIRTY-SIXTH DEFENSE**

Any claim for punitive damages must be dismissed because an award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

**THIRTY-SEVENTH DEFENSE**

With respect to punitive damages, defendant asserts that Plaintiff is not entitled to receive said damages in view of the fact that any award of punitive damages would violate the constitutional safeguards provided this defendant under the Constitution of the United States of America.

**THIRTY-EIGHTH DEFENSE**

The assessment of punitive damages against defendant in this case violates due process afforded by the equal protection clause of the Fourteenth Amendment to the United States Constitution. Furthermore, plaintiff's Complaint does not sufficiently state the specific action for which plaintiff seeks punitive damages. As such, any assessment of punishment, which is what punitive damages are meant to be, without specific allegations of conduct, also violates the United States Constitution because defendant is not provided with specific charges against it prior to trial. Defendant's due process rights afforded by the United States Constitution, as identified above, are therefore violated.

**THIRTY-NINTH DEFENSE**

The First Amended Complaint, and each count thereof, to the extent they seek exemplary or punitive damages, violate the Constitution of the State of Alabama and, therefore, fail to state a claim upon which relief can be granted because:

(a) Any such award will violate the defendant's procedural due process rights under the Constitution of the State of Alabama;

(b) Any such award will violate the defendant's right to substantive due process as provided by the Constitution of the State of Alabama;

(c) Any such award will violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama in that the procedure for awarding punitive damages does not limit them as to amount;

(d) Any such award will violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama by depriving the defendant of property without due process of law;

    (e) Any such award will violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama by imposing damages which are penal in nature, yet compelling the defendant to disclose potentially incriminating documents and evidence;

    (f) Any such award will violate Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests;

    (g) Any such award will violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama by imposing damages which are penal in nature upon a civil defendant based on a standard of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (h) Any such award will violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama in that the procedures for awarding punitive damages are unconstitutionally vague and not rationally related to legitimate government interests;

    (i) Any such award will violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama in that the procedures for awarding punitive damages fail to provide specific standards for determining the amount of the award;

    (j) Any such award will violate the defendant's right to protection from "excessive fines" as provided in Article I, Section 15 of the Constitution of the State of Alabama;

    (k) Any such award would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

**FORTIETH DEFENSE**

An award of punitive damages in this case against defendant would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution under the guidelines set out by the United States Supreme Court in BMW of North America, Inc. v. Gore, 134 L. Ed. 2d 809 (1996).

**FORTY-FIRST DEFENSE**

Plaintiff cannot recover punitive damages against defendant because such an award, which is penal in nature, would violate defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the Constitution of the United States (the "United States Constitution"), unless defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

**FORTY-SECOND DEFENSE**

To award punitive damages against defendant in this case would have a chilling effect upon defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

**FORTY-THIRD DEFENSE**

Plaintiff's First Amended Complaint seeks to make this defendant liable for punitive damages. The Supreme Court of the United States has issued opinions in the cases styled BMW of North America, Inc. v. Gore, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 121 S.Ct. 1678, 149 L.Ed. 2d 674 (2001), and State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S.Ct. 1513 (2003), on the issue of punitive

damages.  Defendant adopts by reference whatever defenses, criteria, limitations, standards, and constitutional protections that are mandated or provided by the decisions of the Supreme Court of the United States in those cases.

### FORTY-FORTH DEFENSE

Defendant reserves the right to amend its answer after the completion of discovery.

Respectfully submitted,

*/s/ Mac B. Greaves*
Mac B.Greaves (GRE007)
Attorney for Defendant
Integrated Magnetic Imaging

OF COUNSEL:
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

### CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing to the following:

Jay Lewis
Fred Clements
P.O. Box 5059
Montgomery, AL 36103

*/s/ Mac B. Greaves*
OF COUNSEL